By the Court.
 

 The first contention of the plaintiff is that the powers of control reserved by the settlor, Mr. Narten, over the trust corpus were so great as to constitute the creation of a mere agency instead of a valid trust. Reliance is placed upon the fourth paragraph of the syllabus in the case of
 
 Cleveland Trust Co., Trustee,
 
 v.
 
 White,
 
 134 Ohio St., 1, 15 N. E. (2d), 627, which reads as follows:
 

 “No valid trust is established when the settlor reserves powers which in their cumulative effect amount to ownership of the trust estate with such control over the administrative functions of the trustee as to make of him simply the settlor’s agent or representative.”
 

 After a study of the facts in the instant case the members of this court find a difference of opinion among themselves as to whether a valid trust was created, and since the ultimate judgment herein will not be affected thereby, this question will not be discussed further.
 

 The second contention of the plaintiff is that even if a valid trust were created, Mr. Narten withdrew therefrom the 1,200 shares of stock on January 15, 1932, and instructed the bank to return “the surplus, if any, to the undersigned”
 
 (himself).
 
 To this the response of the defendants is that this instruction was of no effect because the loan department of the bank issued
 
 *473
 
 a receipt to the trust department agreeing to return the stock certificate to it when the loan was paid. But it seems hardly necessary to observe that any arrangement made by the two departments of the bank between themselves could not have the effect of nullifying the agreement between the bank and Mr. Narten requiring the return of the surplus stock to him after payment of the loan.
 

 Then, too, it is important to note that the trust agreement did not authorize either the bank or Mr. Narten to pledge trust assets as security for a loan to him while they still were part of the trust corpus; and there is nothing in the record to indicate that a violation of the agreement was intended. But in the agreement Mr. Narten did expressly reserve to himself the right to withdraw trust assets by either a partial or total revocation. That he exercised this right with reference to the 1,200 shares of stock must be presumed in the absence of evidence of conduct inconsistent with the provisions of the agreement. The defendants insist that even if an illegal transaction arose by reason of the procedure followed by the bank and Mr. Narten, a revocation by the latter should not be declared in order to give validity thereto. .This is of course true, but, as previously observed, the record discloses no evidence of such illegality.
 

 The judgments below must be reversed, and final judgment must be here rendered for the plaintiff in conformity with the prayer of its petition.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.